**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| ROBERT EARL WILSON | § | |
| | § | CIVIL ACTION No. 1:13-CV-520 |
| v. | § | |
| | § | JUDGE RON CLARK |
| UNITED STATES OF AMERICA | § | |
| | § | |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Robert Earl Wilson, a federal prisoner currently confined at USP Yazoo, proceeding *pro se*, has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The court referred the matter to the Honorable Keith Giblin, United States Magistrate Judge, in Beaumont, Texas, for consideration. Judge Giblin filed his Report and Recommendation, to which Movant filed objections. The court has received and considered the Report and Recommendation of the United States Magistrate Judge filed pursuant to such referral, along with the record and pleadings. Movant's objections require a *de novo* review in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). For the reasons that follow, Movant's objections are meritless, and the court adopts the Magistrate Judge's Report and Recommendation.

## PROCEDURAL BACKGROUND

As outlined by the Magistrate Judge, Movant pleaded guilty to felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), on August 14, 2008. On March 30, 2009, the court sentenced Movant to a 240-month term of imprisonment pursuant to an 11(c)(1)(C) plea agreement. On April 8, 2009, the court docketed the judgment and sentence. Movant's conviction

became final on April 22, 2010, one year after the day he could have filed a notice of appeal. Movant filed his Motion to Vacate, Set Aside, or Correct Sentence on August 16, 2013.

In his Motion to Vacate, Set Aside, or Correct Sentence, Movant contended that he was deprived due process and effective assistance of counsel because he was incorrectly sentenced under the Armed Career Criminal Act (ACCA). Specifically, Movant claimed that his counsel was ineffective for failing to object to the ACCA designation which he alleges was predicated on a conviction for walkaway escape. Movant argued that under *Chambers v. United States*, 129 S. Ct. 687 (2009), walkaway escape no longer qualifies under the residual clause of the ACCA's definition of violent felony. Movant further argued that *Chambers* is retroactively applicable and entitles him to resentencing without the ACCA designation.

On June 26, 2015, the Supreme Court of the United States held that imposing an increased sentence under the residual clause of the ACCA violates the constitutional guarantee of due process. *Johnson v. United States*, 135 S. Ct. 2551 (2015). On December 22, 2015, the Magistrate Judge entered his Report and Recommendation, recommending dismissing with prejudice Movant's Motion to Vacate, Set Aside, or Correct Sentence, as time-barred. On February 3, 2016, Movant filed objections to the Magistrate Judge's Report and Recommendation.

On April 18, 2016, the Supreme Court held that *Johnson v. United States* applied retroactively to ACCA cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016). On May 2, 2016, Movant filed a Supplement to his Motion to Vacate, Set Aside, or Correct Sentence, re-characterizing his claim under *Chambers* as a *Johnson* claim. In both Movant's Objections to the Magistrate Judge's Report and Recommendation (Dkt. # 12) and Movant's Supplement to his Motion to Vacate, Set Aside, or Correct Sentence (Dkt. # 13), Movant requests the court to change the sentence that he received as part of an 11(c)(1)(C) agreement.

## ANALYSIS

**A. A sentence imposed under an 11(c)(1)(C) agreement is eligible for review if the 11(c)(1)(C) agreement is based on the Sentencing Guidelines.**

A sentence imposed under a Rule 11(c)(1)(C) agreement may be eligible for review only if the 11(c)(1)(C) agreement:

> (i) calls 'for the defendant to be sentenced within a particular Guidelines sentencing range;' (ii) provides 'for a specific term of imprisonment—such as a number of months—but also makes clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty;' or (iii) 'explicitly employs a particular Guidelines sentencing range to establish the term of imprisonment.'

*United States v. Benitez*, 822 F.3d 807, 811 (5th Cir. 2016) (quoting *Freeman v. United States*, 564 U.S. 2685, 2697–98 (2011) (Sotomayer, J., concurring)).

**B. Movant's sentence is not eligible for review because it was imposed pursuant to an 11(c)(1)(C) agreement which was not based on the Sentencing Guidelines.**

In this case, Movant's plea agreement did not: (1) call for him to be sentenced within a particular Guidelines sentencing range; (ii) provide for a specific term of imprisonment based on a Guidelines sentencing range applicable to the subject offense; or (iii) explicitly employ a particular Guidelines sentencing range to establish the term of imprisonment. Rather, Movant's 11(c)(1)(C) agreement includes a straightforward agreement that Movant shall receive 240 months in prison.

The agreed-upon sentence of 240 months was significantly lower than the Guidelines range of 360 months to life; it was not based on the Guidelines. Additionally, pursuant to the 11(c)(1)(C) agreement, Movant pleaded guilty only to one count of the Superseding Indictment—felon in possession of a firearm. Had Movant been convicted on all counts of the Superseding Indictment—felon in possession of a firearm, conspiracy to possess and distribute a controlled substance, possession with intent to distribute a controlled substance, and possession of a firearm

in furtherance of a drug trafficking crime— Movant would have faced a potential sentence of 384 to 465 months.

Because Movant's sentence under the 11(c)(1)(C) agreement was not established by or based upon or within the subject offense Guidelines range, and is not now eligible for review, any objection Movant brings regarding the Magistrate Judge's dismissal of Movant's Motion to Vacate, Amend, or Correct Sentence is meritless.

## CONCLUSION

Accordingly, the objections of Movant are **OVERRULED**. The report of the Magistrate Judge to the extent it recommends dismissal is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

Furthermore, the court is of the opinion that Movant is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the movant need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483–84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280–81 (5th Cir. 2000).

In this case, Movant has not shown that any of the issues would be subject to debate among jurists of reason or that another court would resolve the issues in a different manner. There is no fundamental unfairness or injustice in holding Movant to the terms of the very favorable agreement that he bargained for and accepted. The questions presented are not worthy of encouragement to proceed further. Therefore, Movant has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability will not be issued.

So **ORDERED** and **SIGNED** this **12** day of **January, 2017.**

_____
Ron Clark, United States District Judge