IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ROBERT EARL WILSON | § | |
| VS. | § | CIVIL ACTION NO. 1:13-CV-00520 |
| UNITED STATES OF AMERICA | § | JUDGE MICHAEL J. TRUNCALE |

MEMORANDUM OPINION AND ORDER

Pending before the Court are Movant's Motion for Modification of Sentencing in light of United States Supreme Court Decision announced in *Hughes v. United States*[1] [Dkt. 27] and Motion for Relief from Judgment [Dkt. 28].

Procedural Background

A recap of the procedural history in this case is necessary to understand the basis of the pending motions. On December 19, 2007, Movant was named in Count 1 of a four-count Indictment by a grand jury sitting in the Eastern District of Texas, Beaumont Division. *United States v. Wilson*, 1:07-CR-00236(1). Count 1 charged Movant with felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On January 23, 2008, the grand jury returned a nine-count superseding indictment. The first four counts remained the same as the original indictment. Count 5 charged Movant and two co-defendants with conspiracy to possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 846. Count 6 charged the defendants with attempting to possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 846. Count 7 charged Movant with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).

On August 14, 2008, Movant entered a plea of guilty to Count 1 of the Indictment pursuant to an 11(c)(1)(C) plea agreement. On March 30, 2009, Movant was sentenced to a 240 months' imprisonment pursuant to an 11(c)(1)(C) plea agreement. Pursuant to the plea agreement, and on

---

[1] 138 S. Ct. 1765 (2018).

the Government's motion, the remaining counts were dismissed. On April 8, 2009, the judgment and sentence were docketed. Movant's conviction became final on April 22, 2010, one year after the day he could have filed a notice of appeal. Movant filed a motion to vacate, set aside, or correct sentence on August 16, 2013. *Wilson v. United States*, 1:13-CV-00520.

In his original motion to vacate, set aside, or correct sentence filed August 16, 2013, Movant argued he was deprived of due process and effective assistance of counsel as he was incorrectly sentenced under the Armed Career Criminal Act ("ACCA"). Specifically, Movant claimed his counsel was ineffective for failing to object to the ACCA designation which he alleges was predicated on a conviction for walkaway escape. Movant argued under *Chambers v. United States*, 129 S. Ct. 687 (2009), walk away escape no longer qualified under the residual clause of the ACCA's definition of a violent felony. Movant further argued that *Chambers* was retroactively applicable and entitled him to re-sentencing without the ACCA designation. On December 22, 2015, the magistrate judge entered a Report and Recommendation, recommending dismissing the motion to vacate, set aside, or correct sentence with prejudice, as time-barred.[2] [Dkt. 7].

On February 3, 2016, Movant filed objections to the Report and Recommendation. [Dkt. 12]. Movant than filed a Supplement to his motion to vacate, re-characterizing his claim under *Chambers* as a *Johnson* claim.[3] [Dkt. 13]. In both motions, Movant requested the Court change the sentence he received as a part of the 11(c)(1)(C) plea agreement. Former District Court Judge Ron Clark overruled Movant's objections, specifically finding that because Movant's sentence under the 11(c)(1)(C) plea agreement was not established by, based upon, or within the subject

---

[2] The magistrate judge determined the motion to vacate was untimely under 28 U.S.C. § 2255(f)(1) as almost three years elapsed from the time Movant's conviction became final until he filed the above-referenced motion to vacate. Alternatively, the magistrate judge found the claims were also barred under 28 U.S.C. § 2255(f)(3) as the *Chambers* decision was rendered in 2009 and Movant waited, again, almost four years to file the present motion. Pursuant to *United States v. Bradford*, 660 F.3d 226 (5th Cir. 2001), the magistrate judge also found that *Chambers* should not be given retroactive effect to cases on collateral review.

[3] On June 26, 2015, the Supreme Court of the United States held that imposing an increased sentence under the residual clause of the ACCA violates the constitutional guarantee of due process. *Johnson v. United States*, 576 U.S. 591, 597–98 (2015). On April 18, 2016, the Supreme Court held that *Johnson v. United States* applied retroactively to ACCA cases on collateral review. *Welch v. United States*, 578 U.S. 120, 135 (2016).

offense Guideline range, it was not eligible for review, and Movant's objections were meritless. [Dkt. 20]. Judge Clark also denied Movant a certified of appealability. Movant never filed an appeal.

## Discussion

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant 28 U.S.C. § 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) the lack of jurisdiction of the district court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 is an extraordinary measure, and cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

Movant first seeks a modification of his sentence in light of the United States Supreme Court opinion announced in *Hughes v. United States*, 138 S. Ct. 1765 (2018). Movant argues that in light of *Hughes*, he is now eligible for a sentence reduction even though he was sentenced under an 11(c)(1)(C) plea agreement. In *Hughes*, the Supreme Court evaluated the impact of an 11(c)(1)(C) agreement on a request for reduction of sentence under 18 U.S.C. § 3582. 138 S. Ct. at 1775–76. The Supreme Court held that "a sentence imposed pursuant to a Type-C agreement is 'based on' the defendant's Guidelines range so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement," and that the district court had "discretion to decide whether to reduce Hughes' sentence after considering the § 3553(a) factors and the Commission's relevant policy statement." *Id.* at 1775, 1778. In citing *Hughes* which relies on a specific statutory provision that authorizes limited discretionary sentence reductions, Movant fails to raise a cognizable claim for habeas relief under this § 2255 motion to vacate, set

aside, or correct sentence. Any such motion under 18 U.S.C. § 3582 should be filed directly in the sentencing court.

With respect to Movant's separate 60(b) motion, Movant appears to argue the judgment was void under Federal Rule of Civil Procedure 60(b)(4) as the district court lacked jurisdiction. Federal Rule of Civil Procedure 60(b) provides that upon motion, a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. § 60(b)(1)-(6). A Rule 60(b) motion must be made within a reasonable time, and no longer than one year after judgment was entered under subsections (1), (2), and (3). Fed. R. Civ. P. § 60(C).

Movant's argument that the district court sitting in habeas somehow lacked jurisdiction in dismissing his motion to vacate is less than clear. Giving the motion the most liberal construction, it appears Movant argues the district court had to analyze his *Johnson* claim and lacked jurisdiction to make any other determination. Movant ignores the fact that the district court, in essence, found his 11(c)(1)(C) plea agreement barred consideration of the *Johnson* claim as it was not based on the Sentencing Guidelines and was thus not eligible for review. Noteworthy is the fact that Movant failed to file an appeal of the final judgment in this case and waited over five years to file this 60(b) motion. The record is devoid of any rational basis that justifies relief under Federal Rule of Civil Procedure 60(b). Movant's lack of jurisdiction argument wholly lacks merit, was not filed within a reasonable time frame, and is denied.

To the extent Movant intended to file a motion for reconsideration relating to *Hughes*, any such claim would be successive. When a movant's Rule 60 motion is an attempt to gain relief from his conviction, a court should construe it as a § 2255 motion. *See United States v. Ruiz*, 51 F. App'x

483, 1 (5th Cir. 2002) (per curiam); *United States v. Rich*, 141 F.3d 550, 551–52 (5th Cir. 1998), *cert. denied*, 526 U.S. 1011 (1999) (holding that Rule 60 motions should be construed as successive habeas petitions governed by the AEDPA's provisions). A second or successive motion filed by a person attacking a sentence under 28 U.S.C. § 2255 must be certified as provided in 28 U.S.C. § 2244 by a panel of the appropriate court of appeals before it can be heard in the district court. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007); *In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005). Accordingly, this Court lacks jurisdiction to consider the present motion unless leave to file the same is granted by the Fifth Circuit. *United States v. Quintero*, 451 F. App'x 408, 409–10 (5th Cir. 2011) (citing *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (holding that the district court lacked jurisdiction since the movant filed a prior § 2255 motion, and the Fifth Circuit did not grant permission to file a successive § 2255 motion)). Movant fails to allege or show that the Fifth Circuit has granted him permission to file a successive § 2255 motion.[5]

Based on the foregoing, the Court finds that Movant's Motion for Modification of Sentence [Dkt. 27] should be denied as not sounding in habeas and that the present Rule 60(b) motion [Dkt. 28] is untimely, lacks merit, or alternatively, is successive. Movant has failed to provide justification for altering the previous ruling of the Court. It is, therefore,

ORDERED that Movant's Motion for Modification of Sentence [Dkt. 27] and Motion for Relief from Judgment [Dkt. 28] are DENIED.

**SIGNED this 16th day of March, 2023.**

_____
Michael J. Truncale
United States District Judge

---

[5] This Court makes no determination as to merits and/or the timeliness of any successive § 2255 motion under *Hughes*.